UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

NATHANIEL MYERS,

                                  Defendant.
_____

Case # 18-CR-193-FPG

DECISION AND ORDER

## INTRODUCTION

Defendant Nathaniel Myers requests "hardship time credit" for the time he spent in county jails prior to entering the custody of the Bureau of Prisons ("BOP"). ECF No. 107. He alleges that, due to the COVID-19 pandemic, he was subjected to harsh conditions in those facilities, which included bans on visitation and programming. *Id.* at 2. The government opposes the motion. ECF No. 109. The Court construes Defendant's motion as one for compassionate release under 18 U.S.C. § 3582(c), and, for the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

In May 2018, Defendant pleaded guilty to one count of narcotics conspiracy in Case Number 15-CR-98. The Court permitted Defendant to remain on release pending sentencing. While awaiting sentencing, Defendant engaged in further criminal conduct, for which he was indicted in the present case. On December 12, 2019, Defendant pleaded guilty to one count of narcotics conspiracy in this case. ECF No. 57. The Court ordered that Defendant be detained pending sentencing. *Id.* Defendant continued to pursue drug-distribution activities while in custody, however, and he was charged with another count of narcotics conspiracy in Case Number 21-CR-24. Defendant pleaded guilty to that charge as well. On July 23, 2021, the Court held a

1

combined sentencing hearing on all three cases.  *See* ECF No. 103.  The Court sentenced Defendant to an aggregate term of 240 months.  *Id.*

In his letter motion, Defendant alleges that, prior to entering BOP custody in July 2021, he was detained in two county jails.  *See* ECF No. 107 at 1.  When the pandemic struck, these facilities enacted restrictive policies to reduce the spread of COVID-19.  Defendant asserts that, during this initial phase of the pandemic, he was unable to "see [his] family," including his two young children, and was unable to "complete programs or attend programs." *Id.*  Furthermore, Defendant contends that the facilities had "harsh" conditions and "bad" outbreaks during this period.  *Id.* at 2.  Defendant requests a "day for day" reduction from his sentence for every day he "spent in the county jails during the pandemic."  *Id.*  He emphasizes his desire to be a "significant factor in" his children's lives.  *Id.*

## DISCUSSION

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted).  "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'"[1]  *Id.*  Under Section 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if, after "considering the factors set forth in section 3553(a)," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction."  A district court's "discretion in this area—as in all sentencing matters—is broad," and courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Furthermore, "[t]he defendant has the burden to show he is entitled to a sentence

---

[1] "[C]ompassionate *release* is a misnomer," since "[a] district court [may] . . . reduce but not eliminate a defendant's prison sentence."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (emphasis added).

reduction." *United States v. Flores*, No. 17-CR-449, 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020).

The Court denies Defendant's request for "hardship" credit because such a reduction would be inconsistent with the § 3553(a) factors.[2] Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
> (5) any pertinent [Sentencing Commission policy statement]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)). The Court already weighed these factors when it imposed Defendant's original term of imprisonment. Thus, in the context of the present motion, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether

---

[2] Because the Court resolves Defendant's motion on this ground, it need not address whether Defendant satisfied the exhaustion requirement, *see United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) ("[A]n inmate [may] move for compassionate release *only* after the inmate has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the inmate's behalf or the lapse of 30 days from the receipt of such a request by the warden of the inmate's facility, whichever is earlier." (internal quotation marks and brackets omitted; emphasis added)), or whether Defendant's circumstances are "extraordinary and compelling" within the meaning of § 3582(c)(1)(A)(i). *See United States v. Farmer*, No. 19-CV-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (stating that "harsh and restrictive" conditions of confinement during the pandemic "do not constitute compelling reasons for compassionate release"); *see also United States v. Giddens*, No. 20-3270, 2021 WL 5267993, at *2 (2d Cir. Nov. 12, 2021) ("[N]othing in section 3582(c) require[s] the district court to draw an express and definitive conclusion [concerning whether extraordinary and compelling reasons exist] before considering whether the section 3553(a) factors [] render[] a sentence reduction unwarranted.").

"the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, No. 02-CR-114, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (discussing legislative history of provision). In other words, the issue is whether the original § 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at *7.

Although Defendant only seeks a sentence reduction amounting to a year and a few months, the Court cannot conclude that any reduction is appropriate in light of the § 3553 factors. At sentencing, the Court considered Defendants' mitigating evidence, including his abiding desire to "care[] for his family" and be a part of his "kids' life." ECF No. 106 at 6, 8. Nevertheless, the Court noted that it had "never [] seen anything like" Defendant's criminal activities before. *Id.* at 9; *id.* at 14 (finding Defendant's behavior "really shocking"). Defendant's determination to continue his criminal activities—after two guilty pleas and while in custody—evinced his lack of remorse and suggested that he viewed himself as "some type of big leader" in these "various [drug] conspiracies." ECF No. 106 at 9. It also showed a "total lack of responsibility." *Id.* at 14. The distribution of drugs was "obviously serious to this community," which had been "devastated by drugs." *Id.* The Court considered it appropriate to send "the message" to "this community and other communities" that there is a "severe penalty to pay" for such criminal activity. *Id.* at 15. Despite a guidelines range of 340-to-405 months' imprisonment, the Court sentenced Defendant to an aggregate term of 240 months.

Given the persistence of Defendant's criminal activities, and the nature and social damage of those activities, even a minor sentence reduction would not be appropriate. Such a reduction would fail to substantially satisfy the purpose of his original sentence, as it would fail to "reflect

the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A)-(B).  The Court reaches this conclusion even taking into account the harsh conditions that Defendant no doubt suffered in the early months of the pandemic.  While the Court can certainly understand the sense of indignity that Defendant felt as a result of that experience, the Court does not find it salient enough to call into question his just and fair sentence.  Accordingly, the Court denies Defendant's motion for compassionate release.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 107) is DENIED.

IT IS SO ORDERED.

Dated: January 23, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York